UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
SALVADOR ZAVADA,
for himself and all others similarly situated,

                        Plaintiff,

        v.

MEHBIZAR, INC., d/b/a COLBEH
RESTAURANT AND CATERING; COLBEH
INC., d/b/a COLBEH RESTAURANT AND
CATERING; BENJAMIN BENYAMINION

                  Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
2:23-cv-03682-OEM-ARL

**ORELIA E. MERCHANT, United States District Judge:**

       Salvador Zavada ("Plaintiff"), on behalf of himself and all others similarly situated, commenced this action on May 17, 2023, against defendants Mehbizar, Inc. ("Mehbizar"), Colbeh, Inc. ("Colbeh"), and Benjamin Benyaminion ("Benyaminion") (together with Mehbizar and Colbeh, "Defendants") for claims under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). Defendants seek dismissal of this action in entirety. Specifically, Defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim on the grounds that: (1) Plaintiff fails to plead FLSA liability as to defendant Benjamin Benyaminion; (2) Plaintiff fails to plead enterprise coverage pursuant to the FLSA as to the corporate defendants; (3) Plaintiff fails to plead individual coverage pursuant to the FLSA as to Plaintiff; and (4) the Court should not exercise supplemental jurisdiction over Plaintiff's NYLL claims. For the following reasons, Defendants' motion is granted, and this action is dismissed without prejudice to refiling in state court.

## BACKGROUND

Plaintiff alleges that Mehbizar and Colbeh "comprise a chain of restaurants and catering halls operating as a single operating enterprise" under the leadership and ownership of Benyaminion.  Complaint ("Compl.") at 1.  Further, he alleges "[u]pon information and belief, at all relevant times, the Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a)" and "the Corporate Defendants have had annual gross revenues in excess of five-hundred-thousand dollars." *Id*. at 5.

Plaintiff alleges that he served as a cook for Defendants between February 2015 and January 2017, working in excess of sixty hours per week and suffering underpayments of overtime premiums and spread-of-hours pay. *Id*. at 2.  He avers that his "duties included the preparation and cooking of food for Defendants' restaurants and catering business, and related tasks necessary for preparation and cooking." *Id*. at 10.  Plaintiff also pursues a collective action under the FLSA and the NYLL on behalf of himself a collective of allegedly similarly situated employees of Defendants. *Id*. at 5-6.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, Plaintiff's complaint must meet the *Iqbal-Twombly* pleading standard and "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In reviewing a motion to dismiss, this Court must "accept[] as true factual allegations made in the complaint, […] drawing all reasonable inferences in favor of the plaintiffs." *Town of Babylon v. Fed. Hous. Fin. Agency*, 699 F.3d 221, 227 (2d Cir. 2012).

## DISCUSSION

### A. Claims Against Defendant Benyaminion

Plaintiff brings claims under the FLSA for unpaid minimum wage payments and unpaid overtime premiums. Compl. at 11-12. "To succeed on a FLSA overtime claim, a plaintiff must establish the following elements: (1) the employer was an enterprise engaged in commerce or in the production of goods for commerce; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) that the plaintiff worked in excess of forty (40) hours in a given workweek and did not receive overtime compensation for such work." *Erdemir v. Allstate Marble & Granite, Kitchens & Baths Inc.*, No. 18-CV-06103, 2023 WL 8270891, at *11 (E.D.N.Y. Nov. 30, 2023). "To establish liability under FLSA, the complaint must allege an employee-employer relationship between the plaintiff and defendant, 29 U.S.C. §§ 206(a), 207(a)(1); it must allege the employer or employee's work involved degree of interstate commerce, the 'coverage' requirement; and 'where the plaintiff alleges violations of the FLSA's minimum […] wage provisions, the complaint should, at least approximately, allege the hours worked for which these wages were not received.'" *McCormick v. Phinizy & Phebe Handmade LLC*, No. 18-CV-916, 2020 WL 13572189, at *1 (E.D.N.Y. Aug. 17, 2020).

To determine whether there is an employer-employee relationship between an individual defendant and an FLSA plaintiff, the courts must consider four factors, grounded in "economic reality"—whether the alleged employer: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (enumerating the "economic reality" test). "No one of the four [*Carter*] factors standing alone is dispositive. Instead, the economic reality test

3

encompasses the totality of the circumstances." *Herman v. RSR Sec. Serv.*, 172 F.3d 132, 139 (2d Cir. 1999) (cleaned up).

Defendants argue that Plaintiff does not allege any facts addressing any of the four factors identified in *Carter* and that "Plaintiff simply concluded that Individual Defendant Benjamin Benyaminion owns, directs, and operates [Corporate Defendants]." Memorandum of Law in Support of Defendants' Motion to Dismiss ("MOL"), ECF 11-2, at 11. Further, Defendants note that Plaintiff asserts allegations as to "John Doe"—who is not a defendant in this action—and as to an "Individual Defendant," who "Plaintiff failed to identify," and that Plaintiff avers allegations regarding the conduct of the "Individual Defendants" that do not disambiguate as to which defendant is references. *Id.* at 10-11.

However, Defendants' arguments are unavailing at the motion to dismiss stage. Plaintiff's allegations regarding Benyaminion's conduct reach beyond mere conclusory allegations. The complaint contains allegations that Benyaminion "directed and exercised control over the day-to-day operations of the Corporate Defendants, including over Plaintiff and the Corporate Defendants' other similarly situated employees," Compl. at 4, that Benyaminion "is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, and to NYLL § 2 and the regulations promulgated thereunder," *id.*, and that Benyaminion and John Doe together "are regularly present at, or otherwise in regular contact with, each of the Corporate Defendants' locations," where "[t]hey oversee operations, implement policies, and enforce compliance," *id.* at 10.

Given Plaintiff's factual allegation that Benyaminion "oversee[s] operations, implement[s] policies, and enforce[s] compliance," and taking all reasonable inferences in Plaintiff's favor, Plaintiff has sufficiently alleged an employer-employee relationship as to Benyaminion. *Id.* at 10.

4

The fact that Plaintiff alleges Benyaminion carried out some overlapping duties alongside John Doe, who is not a defendant in this action, does not disrupt this conclusion. *See, e.g., Falk v. Brennan*, 141 U.S. 190, 195 (1973) ("[A]n employee could have multiple employers for a single set of hours worked.").

### B. FLSA Coverage

In order for a plaintiff to establish FLSA coverage, either of two conditions must exist: "(1) the employee individually was 'engaged in commerce or in the production of goods for commerce,' or (2) the employer was an 'enterprise' 'engaged in commerce or in the production of goods for commerce,' regardless of whether the individual employee was so engaged." *Bowrin v. Cath. Guardian Soc.*, 417 F. Supp. 2d 449, 457 (S.D.N.Y. 2006). "These bases for coverage under the FLSA are referred to as 'individual' or 'enterprise' coverage, respectively." *Id*.

#### 1. Enterprise Coverage

Defendants argue that Plaintiff failed to adequately plead enterprise coverage, asserting that Plaintiff merely reiterates the FLSA's statutory language without making specific allegations in the Complaint to support that Defendants regularly produced goods for commerce or regularly shipped goods in interstate commerce. MOL at 12; *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (2010).

Plaintiff responds that he has sufficiently pleaded facts supporting FLSA claims because detailed pleading is not required at the complaint stage. Plaintiff's Memorandum in Opposition ("Opp."), ECF 13, ¶ 21. Plaintiff is correct that he faces a low bar at the pleading stage: to survive a motion to dismiss, a plaintiff "must provide only straightforward allegations connecting that work to interstate commerce" "[a]side from stating the nature of his work and the nature of [his employer's] business." *See Dixon v. Intl. Unified Workforce, Inc.*, No. 18-CV-7991-LDH-SJB,

2020 WL 6140054, at *3 (EDNY Sep. 1, 2020).  However, Plaintiff's allegation that "[u]pon information and belief, at all relevant times, the Defendants have been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a)" does not fulfil Plaintiff's pleading obligations.  This conclusory allegation, speaking to legal conclusions regarding coverage under the FLSA, is accompanied only by further allegations made upon "information and belief" that Defendants "have had annual gross revenues in excess of five-hundred-thousand dollars ($500,000.00)" and "employed Plaintiff and each of the Collective Action Members within the meaning of the FLSA."  Compl. at 5.

"Where a plaintiff merely repeats the statutory language under FLSA and fails to provide sufficient facts for the Court to infer that defendant is an enterprise 'engaged in interstate commerce' within the meaning of FLSA, the Complaint does not meet the necessary pleading threshold."  *Dixon v. Int'l Unified Workforce, Inc.*, No. 18-CV-7191-LDH-SJB, 2020 WL 6140054, at *6 (E.D.N.Y. Sep. 1, 2020).  Plaintiff's barebones invocation of the statutory language under the FLSA does not suffice to plead enterprise coverage under the FLSA.

   **2. Individual Coverage**

Alternatively, Plaintiff could establish FLSA coverage if he pleads that he was "engaged in commerce or in the production of goods for commerce" "regardless of whether his or her employer is an enterprise." 29 U.S.C. § 203(r)(l). An employee is engaged in commerce when "a substantial part of the employee's work related to interstate commerce." *Divins v. Hazeltine Electronics Corp*. 163 F.2d 100, 103 (2d. Cir. 1947).  Activities that "simply affect or indirectly relate to interstate commerce" are insufficient to plead individual coverage.  *See Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014).

Defendants argue that Plaintiff alleged no particular facts which would demonstrate that Plaintiff's job title and performance of duties of a "kitchen cook" are "closely related to the movement of the commerce as to be part of it." MOL 14-15; *see Boekemeier v. Fourth Universalist Society in the City of NY*, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000) ("[S]poradic or occasional shipments of an insubstantial amount of goods" are not sufficient).

Plaintiff contends in response that "Plaintiff's duties as a kitchen cook, being part of the larger operation, collectively constitute a substantial part of the movement of goods." Opp. ¶ 33. Plaintiff argues that Defendants' argument overlooks "the integral role of kitchen staff in the preparation of food for customers," and that "[f]ood, as a tangible item, undoubtedly involves interstate commerce." *Id*. ¶ 29. Plaintiff also contends that the Corporate Defendants' "designation implies a shared operational structure, potentially involving multiple locations or states," which is "a substantial connection to interstate commerce." *Id*. ¶ 30.

Notably, Plaintiff's arguments regarding individual coverage are entirely devoid of citations to the complaint, and the complaint is entirely devoid of factual allegations linking Plaintiff's work to interstate commerce. In fact, Plaintiff has not alleged a single interstate component to his work for Defendants. While Plaintiff alleges that he was "a kitchen cook" (Compl. at 3) who "prepar[ed] and cook[ed] food for Defendants' restaurants and catering business" (Compl. at 10) which had "four locations in New York State" (Compl. at 1), not one of these allegations speak to an interstate component to Plaintiff's work. Therefore, Plaintiff has failed to adequately plead individual coverage under the FLSA.

## C. Supplemental Jurisdiction Over Plaintiff's NYLL Claims

Because Plaintiff has not adequately plead his federal causes of action under the FLSA, the Court need not reach the issue of supplemental jurisdiction.

7

## CONCLUSION

For the reasons set forth above, Plaintiff has failed to adequately plead either enterprise or individual coverage pursuant to the FLSA. Plaintiff's sole federal causes of action—those brought pursuant to the FLSA—are therefore dismissed. Without a remaining federal cause of action, this Court lacks subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, and this action is dismissed in entirely without prejudice to refiling in state court.

The Clerk is respectfully directed to enter a judgment in accordance with this order.

**SO ORDERED.**

                                                  /s/
                                        **ORELIA E. MERCHANT**
                                        **United States District Judge**

Dated: Brooklyn, New York
       February 23, 2024